IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WESCO INSURANCE COMPANY**                      **PLAINTIFF**

v.                                      **CAUSE NO. 1:20CV305-LG-RPM**

**EDWARD EUGENE RICH AND
EDWARD SHAYNE RICH as
Wrongful Death Beneficiaries of
Ladonna C. Rich, Deceased;
YASSER SARDINAS ARMESTO;
DKY EXPRESS, LLC; SAM
FREIGHT SOLUTIONS, LLC;
DAIRON M. LOPEZ; DAIMI
RAMOS; SAMUEL RAMOS
GONZALEZ; and PRIME
PROPERTY & CASUALTY
INSURANCE, INC.**                                            **DEFENDANTS**

### AMENDED ORDER DENYING THE MOTION TO RECONSIDER FILED BY THE BENEFICIARIES OF LADONNA RICH

**BEFORE THE COURT** is the [86] Motion to Reconsider or, in the Alternative, Motion for New Trial filed by Edward Eugene Rich and Edward Shayne Rich, as Wrongful Death Beneficiaries of LaDonna C. Rich, deceased ("the Beneficiaries"), in which they seek reconsideration of this Court's [84] Memorandum Opinion and Order granting Wesco Insurance Company's Motion for Summary Judgment and denying the Beneficiaries' Motion for Summary Judgment. Wesco filed a response to the Motion, but the response was untimely. Therefore, the Court failed to consider it. The Beneficiaries also filed a Supplemental Memorandum and a Rebuttal. Out of an abundance of caution, the Court has reviewed the Beneficiaries' additional pleadings and determined that these pleadings do not

demonstrate that the Court has errors of fact or law in its [84] Memorandum Opinion and Order granting summary judgment in favor of Wesco. After reviewing the Motion, the record in the matter, and the applicable law, the Court finds that the Motion to Reconsider or for New Trial should be denied.

## BACKGROUND

This declaratory judgment action arose out of a July 28, 2018, automobile accident in which a Nissan Sentra driven by Ladonna C. Rich was struck by a 2010 Freightliner on Interstate 10 in Jackson County, Mississippi. Rich was killed in the accident. At the time of the accident, the Freightliner was allegedly leased to Sam Freight Solutions, LLC, which was insured by a Commercial Motor Carrier insurance policy issued by Wesco. The Freightliner was not listed as a covered automobile on the Wesco policy. The policy contained a Form MCS-90 Endorsement, which provided that the insurer would pay

> any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each vehicle is specifically described in the policy . . . .

(Compl., Ex. A at 104, ECF No. 1-1).

LaDonna Rich's husband and son, Edward Eugene Rich and Edward Shayne Rich, filed a lawsuit against Sam Freight and others in the Circuit Court of Jackson County, Mississippi. (Compl. at 4, ECF No. 1). Sam Freight's insurer, Wesco, filed a Complaint for Declaratory Judgment with this Court. In a [84] Memorandum Opinion and Order, this Court found that:

> [T]he underlying Wesco policy did not provide coverage for the accident at issue because the 2010 Freightliner was not a "covered auto." However, the MCS-90 endorsement to the policy extends coverage for any judgment entered against Wesco's insured, Sam Freight, for operation of a motor carrier. The MCS-90 endorsement unambiguously provides that Wesco shall not be liable for amounts in excess of $750,000 for each accident.

(Mem. Op. & Order at 9, ECF No. 84). The Beneficiaries seek reconsideration of that decision, arguing that the Wesco policy should provide $1 million in coverage for the accident. The Beneficiaries take issue with the Court's determination that the $750,000 limit of liability stated in the MCS-90 endorsement applies rather than the $1 million policy limits stated on the declarations page of the underlying policy.

## DISCUSSION

A motion seeking reconsideration is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b), depending on when the motion was filed. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). A motion to alter or amend judgment under Rule 59(e) must be filed "no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). Since the Beneficiaries' Motion was filed ten days after the Final Judgment was entered in this case, the Motion must be considered under Fed. R. Civ. P. 59(e).

A motion under Rule 59(e) "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A court may amend a judgment "(1) where there has been an intervening change in the controlling law;

(2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (quoting *Demahy*, 702 F.3d at 182). The Fifth Circuit has cautioned that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Beneficiaries ask the Court to correct an alleged error of law in its prior Memorandum Opinion and Order.

As this Court previously explained, interstate motor carriers are required by federal statute to provide proof of financial responsibility of at least $750,000. 49 U.S.C. § 31139(b). Sam Freight chose an MCS-90 endorsement to its Wesco policy to satisfy this federal requirement, and the MCS-90 endorsement in the Wesco policy mirrors the language of Form MCS-90, as required by 49 C.F.R. § 387.15.

The Wesco MCS-90 endorsement states, "This insurance is primary[,] and the company shall not be liable for amounts in excess of $750,000 for each accident." (Wesco policy, Ex. A to Compl. at 104, ECF No. 1-1). The endorsement further provides:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, *within the limits of liability described herein*, any final judgment recovered against the insured [Sam Freight] for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy . . . . It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment,

> *within the limits of liability herein*, irrespective of the financial condition, insolvency or bankruptcy of the insured.  However, all terms, conditions, and limitations shall remain in full force and effect as binding between the insured and the company.

(*Id.* at 105) (emphasis added).

The Beneficiaries argue that the Court improperly considered the insurance policy and the endorsement "as two separate standalone documents" in its Memorandum Opinion and Order.  However, it was necessary for the Court to first determine whether the underlying policy provided coverage because "an insurer's responsibilities under the [MCS-90] endorsement is triggered when the policy to which it is attached does not provide coverage to the insured."  *Minter v. Great Am. Ins. Co. of N.Y.* 423 F.3d 460, 470 (5th Cir. 2005).  Contrary to the Beneficiaries' assertions, this Court did not find that the endorsement was not a part of the policy issued to Sam Freight.  This Court determined that the underlying policy did not provide coverage before determining that the MCS-90 endorsement would extend coverage to include any judgment resulting from the accident at issue.

The Beneficiaries next claim that the $750,000 limit of liability included in the endorsement creates an ambiguity, because the declarations page of the policy provides for $1 million in coverage.  They argue that the Court should resolve this alleged ambiguity in favor of the insured, Sam Freight.

When interpreting an insurance policy under Mississippi law, courts "look at the policy as a whole, consider all relevant portions together and, whenever possible, give operative effect to every provision in order to reach a reasonable

overall result." *J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998).

> Generally, the purpose of a rider to an insurance policy, such as an attached endorsement, is to make additions to a policy which are actually for the purpose of modifying the general terms of the policy, and therefore, being specific, control the more general terms of the policy. An endorsement thereby controls the policy insofar as it enlarges, modifies or restricts the terms of the policy. An endorsement also can act as a predominating influence in determining the meaning and intent of the policy. *Moreover, if there is any conflict between the rider and the policy, the rider controls in construing the contract expressly where the provisions of the rider are the more specific.*

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 400 (5th Cir. 2008) (emphasis added) (citing *Camden Fire Ins. Ass'n v. New Buena Vista Hotel Co.*, 24 So. 2d 848, 851 (Miss. 1946); *Turbo Trucking Co., Inc. v. Those Underwriters at Lloyd's London*, 776 F.2d 527, 529-30 (5th Cir. 1985) (construing Mississippi law)). Since the terms of an endorsement control when there is a conflict between the endorsement and the remainder of the policy, the limit of liability stated in the MCS-90 endorsement does not create ambiguity. The $750,000 limit of liability must be enforced by the Court.

The Court has now considered and reconsidered all arguments. The Beneficiaries have not cited any authority that prohibits an insurer from providing a limit of liability in an MCS-90 endorsement that is different from the limit of liability for the underlying policy.[1] The only requirement is for the insurer to

---

[1] In the cases cited by the Beneficiaries, the policy and endorsement both provided for policy limits of $1 million. *See Hamm v. Canal Ins. Co.*, 10 F. Supp. 2d 539, 543 (M.D.N.C. 1998); *Carolina Cas. Ins. Co. v. Est. of Karpov*, 559 F.3d 621, 623 (7th Cir. 2009). Those cases addressed whether a per-accident limit or per-person limit

provide a minimum of $750,000 in coverage, and Wesco did so.  *See* 49 U.S.C. § 31139(b).  The Beneficiaries' Motion for Reconsideration or New Trial must be denied.  The policy unambiguously provides that Wesco shall not be liable for amounts in excess of $750,000 for each accident covered by the MCS-90 endorsement.

**IT IS THEREFORE ORDERED AND ADJUDGED** the [86] Motion to Reconsider or, in the Alternative, Motion for New Trial filed by Edward Eugene Rich and Edward Shayne Rich, as Wrongful Death Beneficiaries of LaDonna C. Rich, deceased, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of May, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

applied under the Motor Carrier Act.  *See id.*  Therefore, the courts in those cases did not have the opportunity to consider the issue the Beneficiaries present here.